United States District Court
Southern District of Texas
**ENTERED**
July 23, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA CORTEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-1493 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Linda Cortez filed this case under the Social Security Act, 42 U.S.C. 405(g), for review of the Commissioner's final decision denying her application for social security disability insurance benefits and supplemental security income. Dkt. 12-1. Cortez moved for summary judgment. Dkt. 12. The Commissioner requested that the Court affirm Cortez's administrative decision and dismiss her complaint. After reviewing the record and the law, the Court recommends that Cortez's motion be denied.

## Background

Cortez filed claims for disability insurance benefits and supplemental security income on November 7, 2013. Her claims were denied initially and upon reconsideration, so she requested a hearing before an administrative law judge, which was held on April 7, 2015.

The ALJ denied her claim on December 17, 2015. Specifically, the ALJ

found at step 2 of the sequential evaluation mandated by 20 C.F.R. § 404.1520 that Plaintiff has "severe impairments" of diabetes, hernia, hypertension, right upper extremity problem, and obesity. Dkt. 7-3 at 23. At step 3, the ALJ found that these impairments did not meet or medically equal the criteria of any listed impairment. *Id*.

The ALJ rated Cortez's residual functional capacity (RFC) to be capable of "light work" with some limitations: she can never climb ropes, ladders, or scaffolding; only occasionally perform overhead reaching with the dominant right upper extremity; and, she cannot work at unprotected heights or around dangerous moving machinery. *Id*. at 27. Based on this RFC the ALJ found that Plaintiff can perform her past jobs as a security guard and food services worker and denied benefits at step 4 of the sequential evaluation. The ALJ made no alternative step 5 finding regarding other work a person so limited can perform.

The Appeals Council denied Cortez's request for review. Cortez then filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g).

## Standard of Review

Section 405(g) of the Social Security Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed to determine whether (1) the Commissioner applied the proper legal standards, and (2) the

Commissioner's factual findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. "Judicial review is to be deferential without being so obsequious as to be meaningless." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

A claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). The commissioner applies a five-step sequential analysis to decide disability status. The claimant bears the burden of proof on the first four steps to establish that a disability exists. If successful, the burden shifts to the Commissioner, in step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 152 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts back to the claimant to show he is unable to perform the alternative work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Post hoc rationalizations for an agency decision are not to be considered by a reviewing court. *SEC v. Chenery*, 332 U.S. 194, 196 (1947).

## Analysis

Cortez claims that the ALJ erred by: (1) failing to address, contrary to

Agency authority, post-hearing objections regarding the vocational expert's ("VE")

testimony; and (2) failing to include limitations with regard to Plaintiff's lateral

and forward reaching, without any explanation for the exclusion. As explained

below, the Court finds that neither ground requires remand.

**A.     The ALJ's Failure To Address Cortez's Post-hearing Objections Was Harmless Error.**

First, Cortez asserts that the ALJ and the Appeals Council erred when the

Agency did not address her post-hearing objections submitted to the ALJ. Dkt. 13

at 4. Specifically, she contends that the Agency violated the *Hearing, Appeals and*

*Litigation Law Manual* ("HALLEX") § I-2-5-55, which requires the ALJ "ask the

claimant and the representative whether they have any objection(s) to the VE

testifying; and rule on any objections." *See* HALLEX §§ I-2-5-55, I-2-6-74. While

HALLEX does not carry the authority of law, the Fifth Circuit has held that "where

the rights of individuals are affected, an agency must follow its own procedures,

even where the internal procedures are more rigorous than otherwise would be

required." *Newton*, 209 F.3d at 459. "[I]f prejudice results from a violation, the

result cannot stand." *Id.* To establish prejudice, a claimant must show that the

additional considerations "might have led to a different decision." *Mettlen v.*

*Barnhart*, 88 Fed. Appx. 793, at *1 (5th Cir. 2004) (unpublished) (quoting *Newton*,

209 F.3d at 458).

At issue is whether the ALJ's failure to respond to Plaintiff's post-hearing

objections violated HALLEX § I-2-5-55. Cortez did not raise any objection to the VE's testimony during the ALJ's hearing. Dkt. 7-3 at 37-43. After the hearing, Cortez's attorney filed a post-hearing memorandum objecting to the VE's hearing testimony. Dkt. 13 at 4. The objections memorandum was not made an exhibit in the case file before the ALJ, and the ALJ never discussed it in his decision. *Id.*

The ALJ's failure to address the post-hearing objections was in violation of HALLEX § I-2-5-55. Although Cortez failed to raise any objection during the hearing, this does not necessarily mean she waived those objections. The language of HALLEX § I-2-5-55 does not include a timing element that requires an ALJ to respond only to objections about a VE's opinion made at the hearing. *See Nunley v. Colvin*, No. CV H-17-00072, 2018 WL 1122679 (S.D. Tex. Mar. 1, 2018) (finding that HALLEX § I-2-5-55, "[b]y its terms, … applied to all objections regardless of when they are filed."). The Commissioner argues that the ALJ was "unable" to address Plaintiff's objection because the memorandum was not made an exhibit prior to the ALJ's decision. Dkt. 15 at 4. The Court does not agree. As Plaintiff points out, it is impossible to tell whether the ALJ was never given the objections, or whether the ALJ did review the objections and simply forgot to address them. Dkt. 19 at 2. The Court concludes that the ALJ violated HALLEX § I-2-5-55, and therefore committed a legal error.

Thus, the second issue is whether Plaintiff was prejudiced by the ALJ's

failure to address her objection to the VE's testimony. The question is whether this failure might have led to a different decision. Plaintiff contends that it is questionable whether the VE's testimony was consistent with the *Dictionary of Occupational Titles* (DOT). Dkt. 13 at 9. She argues that although the VE testified that she can perform her past relevant work as a security guard and food service worker, these two positions, require "frequent reaching" according to the DOT, which is inconsistent with the ALJ's limitation to only occasional "overhead reaching" with the right upper extremity. *Id.* at 10. In support of her argument, Plaintiff points out that reaching is defined by the DOT as "[e]xtending hand[s] and arm[s] in any direction." *Id.* at 10. Accordingly, Plaintiff concluded that the VE's testimony could not provide substantial evidence for a denial of benefits. *Id.* at 12.

In the Fifth Circuit, when a VE's testimony conflicts with the DOT, the ALJ may rely on the vocational expert's testimony provided that the record reflects an adequate basis for doing so. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). Social Security Rulings (SSR) 00-4p states: "[w]hen there is an apparent unsolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the

adjudicator will inquire, on the record, as to whether or not there is such consistency." SSR 00-4p, 2000 WL 1898704, at *2. It is undisputed that the ALJ did not ask the VE whether her testimony was consistent with the DOT at the hearing. Dkt. 7-3 at 37-43.

The issue here is whether there is an actual inconsistency between the VE's testimony and the DOT. Plaintiff correctly notes that both the positions of security guard (DOT# 372.667-034) and food service worker (DOT# 311.677-010), according to the DOT, require "frequent reaching." Plaintiff is also correct that "reaching" is defined as "[e]xtending hand(s) and arm(s) in any direction" in the *Selected Characteristics. The Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles*, Appendix C-1. Yet, the Court is not persuaded that there is a real conflict between the VE's testimony and the DOT. The key here is the meaning of  the phrase "any direction" in the quoted DOT definition; that is, whether it should be understood to mean "all directions," or just "certain directions." The Court agrees with the Commissioner that "reaching" is a broad term, so it is hardly surprising that this term definitionally encompasses all directions. Dkt. 15 at 11. Other courts confronted with this argument have noted that the DOT lists many jobs that require "frequent reaching," whereas common sense suggests that not all of those jobs actually require the ability to reach all directions. For example, the Ninth Circuit has written:

> While "reaching" connotes the ability to extend one's hands and arms "in any direction," not every job that involves reaching requires the ability to reach overhead. Cashiering is a good example. According to the *Dictionary*, "frequent reaching" is required of both cashiers and stock clerks. But anyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to.

*Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

The Fifth Circuit has not yet decided whether "any direction" means "all directions" or only "certain directions." Nevertheless, district courts within this circuit have routinely found that the term "any direction" should be interpreted to mean "certain directions." *See Aviles v. Astrue*, No. CA C-11-301, 2012 WL 1098274, at *11 (S.D. Tex. Mar. 6, 2012), report and recommendation adopted, No. CIV.A. C-11-301, 2012 WL 1098345 (S.D. Tex. Mar. 30, 2012) (finding that "limited in reaching" is better understood to mean that he was "limited in extending the hands and arms in certain directions."); *Byers v. Colvin*, No. 4:14-CV-00164-CAN, 2017 WL 1251079, at *5 (E.D. Tex. Mar. 10, 2017) (finding that there is no conflict between the requirement of frequent reaching and a vocational expert's testimony that a person restricted in one extremity could perform the job); *Fluck v. Colvin*, No. 1:12-CV-42, 2013 WL 5111772, *5 (E.D. Tex. Sept. 12, 2013) (finding that "[a]lthough the definition may require frequent reaching, there is no indication that this would necessarily involve frequent reaching by both extremities."). The reasoning of those courts is persuasive. DOT's requirement of "frequent reaching" is not inconsistent with the VE's testimony that Cortez could

perform the jobs of security guard and food service worker even if she could only "reach overhead with the right upper extremity … occasionally." Logically speaking, if "any direction" means only "certain directions," then a job that required frequent reaching in only one direction would still require "frequent reaching." The fact that Plaintiff could only reach overhead with the right upper extremity occasionally does not necessarily imply that she could not reach in other directions frequently. Thus, the Court concludes that Plaintiff was not prejudiced by this error, because she has failed to establish that there was a conflict between the DOT and the VE's testimony that might have altered the result.

**B.     The RFC Finding Is Supported By Substantial Evidence.**

Plaintiff also argues that remand is necessary because the RFC finding is not supported by substantial evidence. Dkt. 13 at 13. The Court does not agree. On February 7, 2014, Dr. Spoor reviewed Plaintiff's medical records on behalf of the Agency at the initial level and opined that Plaintiff was limited in frequent reaching with the right arm "in front and/or laterally." Dkt. 7-4 at 8. Plaintiff's medical records were reviewed again at the reconsideration level on August 5, 2014 by Dr. Patty Rowley. Dr. Rowley confirmed in every respect the opinion of Dr. Spoor, including his right arm limitation of any in front or lateral reaching. *Id.* at 38. Although the ALJ mentioned these opinions in his decision, he did not include them in the RFC finding and gave no explanation for that omission. Dkt. 7-

3 at 25-27. Plaintiff contends that this was a legal error. Dkt. 13 at 15.

According to SSR 96-6p, "[a]dministrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180, at *2.[1]

By failing to explain the weight given to the opinions of Dr. Spoor and Dr. Rowley, the ALJ committed a procedural error. The issue, then, is whether this error is harmful. "When an ALJ makes a procedural error in denying disability benefits, 'we must still determine whether [the] error was harmless.'" *Alexander v. Astrue*, 412 F. App'x 719, 722 (5th Cir. 2011) (quoting *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir.2007)). "[P]rocedural improprieties ... will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

The Court still concludes that the ALJ's failure to consider and discuss these opinions was harmless. As noted above, both the jobs of security guard and food service worker, according to the DOT, require only "frequent reaching." Therefore,

---

[1]   After the Appeals Council denied Plaintiff's request for review, SSR 96-6p was rescinded and replaced by SSR 17-2p. Although the language of the new ruling is somewhat different than the old, both require the ALJ and Appeals council to explain the weight given to state agency medical opinions. Therefore there is no need to decide whether SSR 17-2p should be applied retroactively.

even if Plaintiff's limitations to frequent reaching in front and laterally had been included in the hypotheticals given to the VE, his testimony would in all likelihod have been the same. The Court does not find a realistic possibility that the VE would have reached a different conclusion, even absent the procedural error. Since the ALJ's decision properly relied upon the VE's testimony during the hearing, the Court concludes that the procedural error does not cast into doubt the existence of substantial evidence to support his decision.

## Recommendation

For these reasons, the Court recommends that Cortez's motion for summary judgment be denied, and the Commissioner's decision should be affirmed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas on July 23, 2018.


Stephen Wm Smith
United States Magistrate Judge